IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01214-WYD-CBS

LOREN R. LUSERO,
    Plaintiff,
v.

JOHN WELT, Correctional Lieutenant,
PA. PURDUE, Correctional Lieutenant,
CLYDE STAHL, Correctional Chairperson, CM 111,
CORRECTIONAL OFFICER, of Delta Correctional Facility of Housing Unit-5 (3rd Shift), Nov. 23, 2005, and
"CAPTAIN", Delta Correctional Facility (3rd Shift), Nov. 23, 2005,
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

      This civil action comes before the court on: (1) Mr. Lusero's "Motion for Appointment of Counsel and Preservation of the Entire Record . . . ." (filed August 9, 2007) (doc. # 48); (2) Mr. Lusero's "Motion to Preserve All Four Audio Tapes Used in the Two Investigations and Hearings . . . " (filed August 6, 2007) (doc. # 46); and (3) Mr. Lusero's tendered Amended Complaint (doc. # 49). Pursuant to the Order of Reference dated August 8, 2007 (doc. # 47) and the memorandum dated August 9, 2007 (doc. # 50), these matters were referred to the Magistrate Judge. The court has reviewed the matters, the entire case file and the applicable law and is sufficiently advised in the premises.

1.    Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or

1

"coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Lusero's request for appointed counsel and all of the appropriate factors. As a *pro se* litigant, Mr. Lusero is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Lusero's claims do not raise complex legal issues and Mr. Lusero has thus far adequately represented himself. The claims have been narrowed and clarified on remand from the Tenth Circuit Court of Appeals. *See Lusero v. Welt*, 223 Fed. Appx. 780 (10th Cir. (Colo.) March 27, 2007) (doc. # 31). The court does not find a sufficient basis to warrant the appointment of counsel at this stage of the litigation. The court is within its discretion in declining to request counsel to represent Mr. Lusero.

2.      Mr. Lusero's requests for preservation of evidence. are premature and unnecessary. As Defendants have not yet been served with this civil action, they are not parties to the action.  Unless a duty otherwise exists, a party has no duty to preserve evidence unless and until he knows or should know that the evidence is relevant to imminent or ongoing litigation.  As common law governs a party's obligations to preserve evidence, an order from the court at this time is unnecessary.

3.      A "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ."  Fed. R. Civ. P. 15(a).  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  Fed. R. Civ. P. 15(a).  Mr. Lusero filed his original Complaint on or about June 26, 2006, his first Amended Complaint on July 10, 2006, and his second Amended Complaint on August 2, 2006.  The Tenth Circuit read Mr. Lusero's first and second Amended Complaints together.  *See Lusero v. Welt*, 223 Fed. Appx. 780 at n. 2 ("We read Mr. Lusero's 'Amended Complaint' as merely adding defendants and allegations to his original complaint and not as superseding it. We thus look to both filings to determine the claims and allegations he raises.").  Mr. Lusero may not further amend his pleading without leave of court or consent of the Defendants.

Accordingly, IT IS ORDERED that:

1.      Mr. Lusero's "Motion for Appointment of Counsel and Preservation of the Entire Record . . . ." (filed August 9, 2007) (doc. # 48) is DENIED.

2.      Mr. Lusero's "Motion to Preserve All Four Audio Tapes Used in the Two Investigations and Hearings . . . " (filed August 6, 2007) (doc. # 46) is DENIED.

3.      Mr. Lusero's tendered Amended Complaint (doc. # 49) is NOT ACCEPTED

for filing.

DATED at Denver, Colorado, this 10th day of August, 2007.

BY THE COURT:


　　s/Craig B. Shaffer
United States Magistrate Judge