IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01214-WYD-KMT

LOREN R. LUSERO,

    Plaintiff,

v.

JOHN WELT, Correctional Lieutenant,
PAM PURDUE, Correctional Lieutenant,
CLYDE STAHL, Correctional Chairperson, CM 111,
CORRECTIONAL OFFICER, of Delta Correctional Facility of Housing Unit-5 (3rd Shift), Nov. 23, 2005, and
"CAPTAIN,"Delta Correctional Facility (3rd Shift), Nov. 23, 2005,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendants' Motion for Summary Judgment" (Doc. No. 71).

### FACTUAL BACKGROUND

*1.    Facts*

The following facts are taken from Plaintiff's Complaints and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. (Third Am. Prisoner Compl. at 2 [hereinafter "Third Am. Compl."] [filed August 2, 2006].) Plaintiff claims he was "beaten up" and threatened by another inmate on approximately November 23, 2005. (*Id.* at 6.) Plaintiff claims he informed the housing officer

of Unit 5 and the third shift captain of Delta Yard. (*Id.*) Apparently sometime later that night, Plaintiff was locked up in administrative segregation. (*Id.*) Plaintiff claims he was told by the officers that he was being placed in administrative segregation for his safety concerns and not because of penal discipline. (*Id.* at 7.) Plaintiff avers he has been in administrative segregation since November 23, 2005. (Prisoner Compl. at 3 [hereinafter "Compl."] [filed June 26, 2006].) Plaintiff asserts there was no purpose for indeterminate segregation from the general prison population, and states he should not have been placed in punitive segregation for going to the state employees for help. (Third Am. Compl. at 7–8.) Plaintiff claims the segregation is "illegal continued segregation that should have been 'temporary' that maliciously got turned into 'punitive segregation.'" (*Id.* at 10.) Plaintiff states he is challenging the "fact and duration of continued confinement in administrative segregation." (*Id.* at 8.) Plaintiff asserts Defendant Welt abused his authority and played a dual role in violation of administrative procedures and that Defendant Welt conducted two illegal adverse investigations. (*Id.* at 9.) Plaintiff names as defendants John Welt and Pam Purdue, state correctional officers; Clyde Stahl, a state correctional chairperson; Dave Cotton, the housing officer of Unit 5, third shift at Delta Correctional Facility on November 23, 2005; and Donald Finney, captain of the third shift of Delta Correctional Facility on November 23, 2005. Plaintiff seeks injunctive relief and money damages.

Defendants have moved for summary judgment because (1) Plaintiff's challenges to his administrative segregation classification is barred by *Heck v. Humphrey,* 512 U.S. 477, 487 (1994); and, in the alternative, (2) Plaintiff received due process prior to placement in

2

administrative segregation. (Defs.' Mot. for Summ. J. [hereinafter "Mot."] [filed November 30, 2007].)

2. *Procedural History*

Plaintiff filed his original Prisoner Complaint on June 26, 2006. (Compl.) Plaintiff filed his first amended Prisoner Complaint on June 26, 2006, and his second amended Prisoner Complaint on July 10, 2006, alleging various prison officials violated his due process and equal protection rights and inflicted cruel and unusual punishment by placing him in administrative segregation following his request for protection from another inmate who allegedly threatened and assaulted him. (Am. Prisoner Compl. [hereinafter "Am. Compl."]; Second Am. Prisoner Compl. [hereinafter "Second Am. Compl."].) Plaintiff appealed, and the Tenth Circuit Court of Appeals affirmed the dismissal of all claims except Plaintiff's claims that his due process rights were violated by placing him in administrative segregation following his request for protection from the inmate who allegedly threatened and assaulted him. (Doc. No. 31.) Upon remand, Senior Judge Zita L. Weinshienk ordered that the due process claims against Defendants John Welt; Pam Purdue, Clyde Stahl, the correctional officer on the third shift on November 23, 2003, at Delta Correctional Facility; and the captain on the third shift at the Delta Correctional Facility on November 23, 2004, were to be drawn to a district judge and a magistrate judge. (*Id.*) The other defendants named by Plaintiff in the third amended complaint were dismissed as parties. (*Id.*) Defendants filed their motion for summary judgment on November 30, 2007. (Mot.) Plaintiff filed what the court construed as a response to the motion for summary judgment on December 7, 2007. (Pl.'s Mot. to Strike, Dismiss Defs. Mot. for Summ. J. and Grant Pl's Mot.

for Summ. J. as a Matter of Law [hereinafter "Resp."].) No reply was filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Party*

The court notes at the outset that because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**ANALYSIS**

*1.      Heck v. Humphrey*

A person cannot bring a § 1983 action for damages based on an allegedly invalid conviction or sentence unless the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Supreme Court evaluated the applicability of *Heck* to § 1983 claims implicating prison disciplinary convictions in *Edwards v. Balislok*, 520 U.S. 641 (1997). In *Edwards*, a prisoner claimed he was denied an opportunity to present a defense in a prison disciplinary hearing, and that the hearing officer who heard the disciplinary case was biased, resulting in his conviction of a disciplinary violation and a corresponding loss of good time credits. *Id.* at 646–47. The prisoner brought a § 1983 claim alleging a due process violation and seeking monetary damages, a declaratory judgment that the procedures violated due process, and injunctive relief. *Id.* at 644. The Court found the nature of the prisoner's challenge implicated the invalidity of the disciplinary conviction and the deprivation of the prisoner's good time credits. *Id.* at 646. As a result, as in *Heck*, the Court held the prisoner stated no cognizable § 1983 claim for monetary damages unless and until the underlying disciplinary conviction was resolved in the prisoner's favor. *Id.* at 646-47.

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court rejected the notion that *Heck* applies categorically to all suits challenging disciplinary proceedings. Instead, *Heck* bars a collateral attack on a prison disciplinary conviction only if the claim would result in a loss of good time credit or a collateral attack on the prisoner's underlying conviction. *Id.* The Court

6

noted that the effect of disciplinary proceedings on good-time credits is a matter of state law or regulation. *Id.*

The Administrative Regulations for the Colorado Department of Corrections ("CDOC") state that inmates who are classified in maximum administrative will not be eligible for any type of earned time until the first full month that they are classified at a level below administrative segregation. (Mot., Ex. A at 2.) In Colorado, good time credit is awarded for good behavior while in prison, and it affects the date upon which an inmate may become eligible for release to parole. *Bynum v. Kautzky*, 784 P.2d 735, 737–39 (Colo. 1989). Earned time credit is awarded to offenders who demonstrate substantial and consistent progress in categories such as work and training, group living, participation in counseling, and progress toward the goals and programs established by the CDOC's diagnostic programs. *See* Colo. Rev. Stat. §§ 17–22.5–302(1) and (2) (2007). Earned time operates to reduce the term for which an inmate is sentenced. *See* C.R.S. §§ 17–22.5–402(2); 405(1); 405(4).

Defendants assert that Plaintiff's claim of due process rights violations related to his placement in administrative segregation "is essentially a challenge to prison administrative proceedings 'convicting' him of [] posing a threat to the safety and security of the facility." (Mot. at 4.) Defendants argue that, because the CDOC's Administrative Regulations indicate that an inmate's classification as maximum administrative segregation will impact his eligibility for earned time credits, and thus the length of his confinement, *Heck* and *Edwards* mandate that Plaintiff first obtain a "favorable termination" of his administrative segregation classification prior to filing his § 1983 claim in this action. (Mot. at 7.)

7

In 2006, Plaintiff, as a challenge to his placement and continued confinement in administrative segregation, filed a case in Delta County District Court seeking habeas corpus relief. (Third Am. Compl. at 21.) The judge in that case issued a minute order on June 10, 2006, in which he stated the case would be reviewed under Colo. R. Civ. P. 106(a)(4), as habeas corpus relief was unavailable to Plaintiff in the context of a challenge to his administrative segregation classification. (*Id.*) The judge in the Delta County District Court case vacated the administrative segregation order entered on December 5, 2005, and remanded the case to the CDOC with directions to grant Plaintiff a new classification hearing. (Mot., Ex. D at 2–3, 25–26.) This order remanding for further administrative proceedings is neutral—neither a victory or a loss to the plaintiff on his claims against being housed in administrative segregation. Plaintiff received a remanded administrative segregation hearing on December 13, 2006. (Mot., Exs. B, D.) The decision of the hearing was that Plaintiff should be assigned to maximum security, administrative segregation, because Plaintiff's "conduct and continued presence in the general population poses a serious threat to life, self, staff, other inmates and the security and orderly management of the facility." (Mot., Ex. E.) This proceeding on remand is an unfavorable decision.

Defendants state that "Plaintiff does not appear to have obtained a 'favorable termination' of his administrative segregation classification and his challenge to the adequacy of the due process provided to him in the state court" because he failed to challenge his unfavorable remanded administrative segregation classification in the state court prior to filing suit in this case. (Mot. at 7.) Plaintiff fails to show, by affidavit or otherwise, that he has made any attempt

8

at pursuing a challenge to his remanded administrative segregation classification in state court. Plaintiff fails to show that he has obtained a "favorable determination" of his administrative segregation classification as required by *Heck* and *Edwards* prior to filing his § 1983 claim in this action.

Therefore, there is no genuine issue of material fact for the fact finder to resolve, and summary judgment is properly granted as Plaintiff's claims are barred by the favorable termination requirement of *Heck v. Humphrey*.

## 2. *Plaintiff's Due Process Claim*

To maintain his due process claim, Plaintiff must prove two elements: (1) that a recognized liberty or property interest has been interfered with by the Defendants, and (2) that the procedures attendant to that deprivation were not constitutionally sufficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Defendants concede that the Plaintiff has a liberty interest in avoiding placement in administrative segregation without due process, and thus, the sole question is whether the procedures used by Defendants were sufficient to satisfy the due process clause.

Whether procedures attendant to a deprivation of a liberty interest are constitutionally adequate is a flexible determination driven by the demands of the particular situation. *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005). The question turns on three factors: (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation resulting from the procedures and the probable value, if any, of additional or substitute safeguards; and (3) the Government's interests, including the function involved and the fiscal and administrative

burdens that additional or substitute procedures would entail. *Id.* Notice of the factual basis for a decision and a fair opportunity for rebuttal are among the most important procedural mechanisms for purposes of avoiding erroneous deprivations. *Id.* at 211. Another procedural protection of value includes multiple levels of review, with power to overturn the placement decision at each level. *Id.*

The issue of the process due to an inmate before assignment to a highly-restrictive "supermax" facility was addressed by the Supreme Court in *Wilkinson*, where the Court held that the nonadversary procedures set forth in *Hewitt v. Helms*, 459 U.S. 460 (1983), provide the appropriate model for assessing the adequacy of procedural safeguards. *Wilkinson*, 152 S. Ct. at 2397. In *Hewitt*, the Supreme Court held that the government was "obligated to engage only in an informal, nonadversary review of the information supporting [the inmate's] Administrative confinement, including whatever statement [the inmate] wished to submit, within a reasonable time after confining him to administrative segregation." *Hewitt*, 459 U.S. at 472. The only requirements are that the inmate receive some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to assign him to administrative segregation. *Id.* at 476. This, coupled with the decision maker reviewing the charges and the evidence for and against the inmate, satisfies the due process clause. *Id.*

Defendants argue and provide evidence that the minimum standards set forth in *Hewitt* were met. However, Defendants have provided evidence related only to the remanded administrative segregation hearing held on December 13, 2006. Plaintiff's due process claim relates to the due process he did or did not receive related to being placed in administrative

segregation in November 2005. Although the facts and evidence presented in the December 2006 hearing may be the same, and Plaintiff may have received the due process required for that hearing, Defendants have not provided any evidence or argument that Plaintiff received the due process required in November 2005. Therefore, this court declines to recommend a grant of summary judgment based on this argument alone. However, in view of the previous analysis under *Heck v. Humphrey*, this recommendation fails to save the day for Plaintiff.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Defendants' Motion for Summary Judgment" (Doc. No. 71) be GRANTED and Plaintiff's case dismissed in its entirety as barred by the favorable termination requirement of *Heck v. Humphrey*. .

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 14th day of August, 2008.

                                                 BY THE COURT:

                                                 s/ Kathleen M. Tafoya
                                                 KATHLEEN M. TAFOYA
                                                 United States Magistrate Judge